[Cite as *Spalsbury v. Gill Construction Co., Inc.*, 2018-Ohio-2616.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KELLY SPALSBURY, et al.

    Appellants

    v.

GILL CONSTRUCTION CO., INC., et al.

    Appellees

C.A. No.    17CA0030-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16CIV0509

DECISION AND JOURNAL ENTRY

Dated: July 2, 2018

---

HENSAL, Presiding Judge.

{¶1}  Kelly and Susan Spalsbury appeal a judgment of the Medina County Court of Common Pleas that granted summary judgment to Gill Construction Co., Inc., Gill Design Group, Inc., and David Gill on their breach of contract and unjust enrichment claims. For the following reasons, this Court affirms.

I.

{¶2}  According to the Spalsburys, they worked as sales agents for Gill Construction Co., Inc. and Gill Design Group on various residential construction projects in 2008 and 2009. They allege that they are still owed commissions for their work on several of those projects. In May 2016, they sued the two Gill companies and David Gill (collectively "Gill"), alleging breach of contract and unjust enrichment. Following discovery, Gill moved for summary judgment, arguing that the claims were time-barred. The Spalsburys opposed the motion and moved to strike the exhibits attached to Mr. Gill's affidavit, arguing that the exhibits did not

meet the requirements of Civil Rule 56(E). The trial court denied the motion to strike and granted Gill's motion for summary judgment, concluding that the Spalsburys' claims were barred under the applicable statutes of limitations. The Spalsburys have appealed, assigning three errors. For ease of consideration, we will address their first two assignments of error together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF DAVID GILL AND THE MATERIALS SUBMITTED WITH THE AFFIDAVIT AS THE ATTACHMENTS DID NOT COMPLY WITH THE MANDATORY REQUIREMENTS FOR SUMMARY JUDGMENT AS SET FORTH IN OHIO CIVIL RULE 56(E).

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY IMPROPERLY SHIFTING THE BURDEN OF PROOF TO PLAINTIFFS EVEN THOUGH DEFENDANTS DID NOT FIRST MEET THEIR BURDEN OF PROOF UNDER OHIO CIVIL RULE 56.

{¶3} The Spalsburys argue that the trial court incorrectly denied their motion to strike and incorrectly granted Gill's motion for summary judgment. Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party

"must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶4} The Spalsburys argue that Gill did not meet their initial burden under Rule 56(C) because the exhibits attached to Mr. Gill's affidavit did not comply with Rule 56(E). In their motion for summary judgment, Gill argued that all of the Spalsburys' claims were barred by the six-year statute of limitations that applies to oral contracts under Revised Code Section 2305.07. In support of their argument, Gill submitted the affidavit of Mr. Gill, who asserted that the Spalsburys worked for his companies under a verbal agreement. He asserted that Gill never had any written contracts with the Spalsburys and that all of the transactions for which the Spalsburys were seeking payment had concluded by the end of the first quarter of 2009. He further asserted that Gill had finished paying the Spalsburys all of the commissions they were owed by the end of February 2010. Attached to Mr. Gill's affidavit were copies of the deeds of the properties that the Spalsburys had helped sell for Gill, a copy of part of a home construction contract that the Spalsburys had helped procure for Gill, and a copy of a letter that Mr. Gill had written, allegedly listing all of Gill's commission payments to the Spalsburys.

{¶5} It is not necessary to determine whether the attachments to Mr. Gill's affidavit were proper under Rule 56(E) because Mr. Gill's affidavit was sufficient to satisfy his summary judgment burden without them. The averments in Mr. Gill's affidavit, which he asserted were based on firsthand knowledge, demonstrated that the Spalsburys' claims accrued, at the latest, in February 2010 when Gill allegedly finished paying them for their work. Mr. Gill's averments also demonstrated that the Spalsburys' breach of contract claims were based on oral contracts, which are subject to a six-year limitations period under Section 2305.07. In light of the fact that

the Spalsburys did not file their complaint until May 2016, which was more than six years after February 2010, Mr. Gill's affidavit, even without considering any of its attachments, established that Gill was entitled to judgment on the Spalsburys' breach of contract claims as a matter of law, shifting the summary judgment burden to the Spalsburys.

{¶6} The Spalsburys attached affidavits with exhibits to their memorandum in opposition to the motion for summary judgment, but the trial court determined that they failed to create a genuine issue of material fact regarding whether the breach of contract claims were based on a written contract. The Spalsburys have not contested the trial court's conclusion. Accordingly, upon review of the record, we conclude that the trial court correctly determined that Gill satisfied their initial summary judgment burden under Rule 56(C) and that it correctly granted summary judgment to Gill on the Spalsburys' breach of contract claims. We also conclude that any error by the trial court in considering the documents attached to Mr. Gill's affidavit or in denying the Spalsburys' motion to strike was, at worst, harmless. Civ.R. 61. The Spalsburys' first and second assignments of error are overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS AS TO COUNT FOUR OF THE COMPLAINT FOR UNJUST ENRICHMENT WHEN DEFENDANTS DEFENDANTS' (SIC) MOTION FOR SUMMARY JUDGMENT DID NOT SPECIFICALLY ADDRESS THE UNJUST ENRICHMENT COUNT OF THE COMPLAINT AND THE TRIAL COURT DID NOT SPECIFICALLY ADDRESS ANY ISSUE AS TO UNJUST ENRICHMENT IN THE MAY 3, 2017 JUDGMENT ENTRY.

{¶7} The Spalsburys also argue that the trial court incorrectly granted summary judgment to Gill on their unjust-enrichment claim. The Spalsburys argue that Gill did not specifically address the elements of an unjust enrichment claim in their motion for summary judgment, meaning there was nothing to establish when the cause of action accrued. They also

argue that the trial court should have specifically addressed the claim in its judgment entry before granting Gill summary judgment on it.

{¶8} "[U]njust enrichment of a person occurs when [it] has and retains money or benefits which in justice and equity belong to another." *Hummel v. Hummel*, 133 Ohio St. 520, 528 (1938). To recover for unjust enrichment, a plaintiff must demonstrate: (1) that it conferred a benefit upon the defendant; (2) that the defendant knew of the benefit; and (3) that, under the circumstances, it would be unjust to allow the defendant to retain the benefit without payment. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984), citing *Hummel* at 525. "[T]he purpose of such claims 'is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant.'" *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, ¶ 21, quoting *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335 (1954).

{¶9} The Spalsburys acknowledge in their brief that a claim for unjust enrichment arises from a "contract implied in law, or quasi-contract." This Court has held that quasi-contract claims such as promissory estoppel and unjust enrichment apply only "in the absence of a contract[.]" *Glenmoore Builders, Inc. v. Smith Family Trust*, 9th Dist. Summit No. 24299, 2009-Ohio-3174, ¶ 42, quoting *Gevedon v. Gevedon*, 167 Ohio App.3d 1, 2006-Ohio-2668, ¶ 21, fn. 3. "The reason for this rule is that if the parties have fixed their contractual relationship in an express contract, there is no reason or necessity for the law to supply an implied contractual relationship between them." *Champion Contracting & Constr. Co. v. Valley City Post No. 5563*, 9th Dist. Medina No. 03CA0092-M, 2004-Ohio-3406, ¶ 25, quoting *Gehrke v. Smith*, 12th Dist. Madison No. CA92-10-027, 1993 Ohio App. LEXIS 3410, *6 (July 6, 1993). Accordingly, in light of Gill's establishment that the Spalsburys worked for them under an express oral

agreement, the trial court did not err when it determined that Gill was entitled to summary judgment on the Spalsburys' unjust enrichment claim. The Spalsburys' third assignment of error is overruled.

## III.

**{¶10}** The Spalsburys' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
DISSENTING.

{¶11} I respectfully dissent. The Spalsburys have argued on appeal that the trial court erred in granting summary judgment to Gill. They specifically allege that Gill did not meet its initial *Dresher* burden. As such, I would conclude that they argued that the trial court erred in determining a written contract did not exist. Accordingly, I would proceed to address the merits and reverse as a genuine issue of fact exists.

{¶12} Also, although the trial court granted summary judgment on the unjust enrichment claim by finding that Gill was entitled to judgment on all claims, it did not mention specifically the unjust enrichment claim. More importantly, Gill did not make any argument pertaining to the unjust enrichment claim in its summary judgment motion. *See Bentley v. Equity Trust Co.*, 9th Dist. Lorain No. 14CA010630, 2015-Ohio-4735, ¶ 10 (noting that a trial court lacks authority to grant summary judgment in the absence of motion or argument on a particular claim).

{¶13} Given the foregoing, I would reverse the judgment of the trial court.

APPEARANCES:

THOMAS M. WILSON and JOHN J. WARGO, JR., Attorneys at Law, for Appellants.

DANIEL F. LINDNER, Attorney at Law, for Appellees.