[Cite as *Covel v. PNC Bank, NA*, 2022-Ohio-1477.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SAMAR COVEL, et al.

    Appellant

    v.

PNC BANK, NA, et al.

    Appellees

C.A. No.    30068

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2019-03-0831

DECISION AND JOURNAL ENTRY

Dated: May 4, 2022

CALLAHAN, Judge.

{¶1} Appellant, Samar Covel, appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Appellees PNC Bank, N.A. and Cory Williams (collectively "PNC"). For the reasons set forth below, this Court affirms.

I.

{¶2} The instant matter arises from alleged oral statements made by PNC to Mrs. Covel during the refinancing of her Fifth Third Bank mortgage loan. Mrs. Covel averred that PNC told her that refinancing the Fifth Third Bank mortgage loan would not interfere with her second mortgage held by the United States Department of Housing and Urban Development ("HUD"). However, after the Fifth Third Bank mortgage loan was satisfied, HUD, in accordance with the terms of the second mortgage, accelerated the second mortgage, demanding payment and initiating collection proceedings against Mrs. Covel.

{¶3}    Mr. and Mrs. Covel filed a complaint against PNC Bank, Mr. Williams, HUD, the United States Treasury Department, and NationalLink asserting fifteen causes of action based upon the alleged oral statement of PNC and the acceleration of the second mortgage held by HUD.  Mrs. Covel voluntarily dismissed HUD, the United States Treasury Department, and NationalLink and proceeded against PNC.  PNC filed a motion for summary judgment as to all of the claims based upon the statute of frauds and the parol evidence rule.  Additionally, PNC presented alternative bases for granting summary judgment as to each claim.  Mr. and Mrs. Covel filed a response and PNC replied.  The trial court granted summary judgment in favor of PNC and against Mr. and Mrs. Covel as to all of the claims.

{¶4}    Mrs. Covel timely appealed,[1] raising one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO DEFENDANTS[.]

{¶5}    In her sole assignment of error, Mrs. Covel argues that the trial court erred in granting summary judgment to PNC.  The trial court granted summary judgment to PNC as to all of Mrs. Covel's claims.  Mrs. Covel, however, appears to challenge only the trial court's decision as it pertains to her claim for promissory estoppel.  In that regard, Mrs. Covel argues "[a]ssuming, arguendo that the [s]tatute of [f]rauds applies in this case, * * * [p]romissory [e]stoppel can overcome or rebut the [s]tatute of [f]rauds."

{¶6}    The trial court granted PNC summary judgment on Mrs. Covel's promissory estoppel claim for two separate reasons.  First, the trial court determined that the promissory

---

[1] While the trial court granted summary judgment against both Samar and Jason Covel, only Samar Covel has appealed the judgment.

estoppel claim did not overcome or rebut the statute of frauds in this matter. Alternatively, the trial court determined that the promissory estoppel claim could not exist because there was an express contract regarding Mrs. Covel's payment obligations on the HUD second mortgage. *See Spalsbury v. Gill Constr. Co., Inc.*, 9th Dist. Medina No. 17CA0030-M, 2018-Ohio-2616, ¶ 9 (Promissory estoppel is a quasi-contract claim that applies when there is no contract.). Mrs. Covel contests only the first basis and fails to address the trial court's alternate basis.

{¶7} "When a trial court grants judgment on multiple, alternative bases and an appellant does not challenge one of those bases on appeal, this Court will uphold the judgment on the unchallenged basis." *Schutte v. Summit Cty. Sherriff's Office*, 9th Dist. Summit No. 28856, 2018-Ohio-2565, ¶ 21, citing *Tabatabai v. Thompson*, 9th Dist. Medina No. 16CA0044-M, 2017-Ohio-361, ¶ 15. Thus, even assuming, without deciding, that the trial court erred when it granted summary judgment on the basis that the promissory estoppel claim did not overcome or rebut the statute of frauds in this matter, Mrs. Covel has still failed to establish that the trial court's alternate basis for granting summary judgment on the promissory estoppel claim was incorrect. *See Tabatabai* at ¶ 15. *See also Schutte* at ¶ 21. It is neither the province nor the duty of this Court to create an argument on an appellant's behalf. *See* App.R. 16(A)(7).

{¶8} Mrs. Covel's assignment of error is overruled.

III.

{¶9} Mrs. Covel's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

4

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

H. TOBY SCHISLER, Attorney at Law, for Appellees.