[Cite as *Pitt v. Quanta Bldg. Group*, 2024-Ohio-2297.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

SHANE PITT

    Appellee

    v.

QUANTA BUILDING GROUP, LLC.

    Defendant

    and

J.C. JONES CORP.

    Appellant

C.A. No.    22CA011904

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18CV195173

DECISION AND JOURNAL ENTRY

Dated: June 17, 2024

SUTTON, Judge.

{¶1}    Defendant-Appellant J.C. Jones Corp. appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}    This action arose from the construction of a garage to house a private automobile collection in Avon Lake, Ohio ("the Avon Lake project."). Cupco LLC purchased the land in Avon Lake, and subsequently hired a general contractor, Fortney & Weygandt, Inc., to serve as the general contractor for the project. Fortney & Weygandt, Inc., contracted with J.C. Jones Corporation ("Jones Corp.") to construct part of the outer garage structure. Jones Corp. was selected for the project because the company had experience in building such structures. Jones

Corp. then contracted with Quanta Building Group, LLC ("Quanta"), a Texas based company, to supply the labor to put together the building. Quanta then contracted with Shane Pitt, also of Texas, to supply labor for the project. Cupco LLC and Fortney & Weygandt, Inc., were not parties to this lawsuit.

{¶3} Construction at the Avon Lake project commenced in 2018. Mr. Pitt entered into a contract with Quanta for $180,000.00 to supply labor for the construction of the skeleton of the steel building structure. When Mr. Pitt began working at the project site, the project was already 3-4 weeks behind due to delays in securing materials and problems with the site. Mr. Pitt and his crew began working in May. At the end of the month, Mr. Pitt sent a request to Quanta to be paid $54,000.00, and Quanta approved and paid that request. Mr. Pitt sent a similar request to Quanta for $64,350.00 that was also approved and paid by Quanta in June.

{¶4} In July, Alex Vallardes, the owner of Quanta, found out that Mr. Pitt had contracted directly with Jones Corp. on a separate upcoming project in Twinsburg, Ohio. Thereafter, when Mr. Pitt sent a request to Quanta for the July payment of $40,050.00 for the Avon Lake project, he received an email from Quanta informing him that his request would be approved and a check would be sent. However, according to Mr. Pitt's testimony, Mr. Vallardes did not provide payment to Mr. Pitt for July, for the work Mr. Pitt's did on the Avon Lake project, because Mr. Vallardes was upset that Mr. Pitt directly contracted with Jones Corp. on the Twinsburg project. On August 2, 2018, Quanta sent a letter to Mr. Pitt alleging he was in breach of contract for the work he contracted to do on the Avon Lake project.

{¶5} The same day that Quanta sent the letter, Mr. Pitt also called Jim Jones, the owner of Jones Corp., regarding the July payment due to him from Quanta. Mr. Pitt recorded that phone conversation. During the phone call, Mr. Jones assured Mr. Pitt that Quanta was going to pay him.

When Mr. Pitt mentioned his desire to file a lien on the project, Mr. Jones told Mr. Pitt that filing a lien would "just fuck[] up everything[.]" Mr. Jones told Mr. Pitt that Quanta assured Mr. Jones that Mr. Pitt will get paid. Mr. Jones then said, "I'll make sure that you get paid off[,]" and told Mr. Pitt "so don't [file a lien] right away. There's lots of time to do that. But I'll talk to him and make sure you get what's owed to you[.]"

{¶6}     After receiving no payment for his July work from Quanta or Mr. Jones, Mr. Pitt filed the current action in the Lorain County Court of Common Pleas. Mr. Pitt's amended complaint alleged causes of action against Jones Corp. for breach of contract and promissory estoppel. The amended complaint also alleged several causes of action against Quanta. Quanta initially appeared and answered the claim, but eventually counsel for Quanta withdrew and Quanta ceased to participate in the litigation.

{¶7}     The case proceeded to a bench trial. In lieu of closing arguments, the trial court asked the parties to submit bench briefs on the issues before the court. After considering the evidence and the record, the trial court issued judgment for Jones Corp. on Mr. Pitt's claim for breach of contract and judgment for Mr. Pitt, and against Jones Corp., on the promissory estoppel claim.

{¶8}     Jones Corp. timely appealed, assigning two errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BY ENTERING JUDGMENT FOR [MR.] PITT ON HIS CLAIM FOR PROMISSORY ESTOPPEL[.]**

{¶9}     In its first assignment of error, Jones Corp. argues the trial court erred by finding in favor of Mr. Pitt on his claim for promissory estoppel. Specifically, Jones Corp. argues: 1) there was no clear and unambiguous promise; 2) there was no reliance to Mr. Pitt's detriment; 3) Mr.

Pitt, in not filing a mechanic's lien, did not establish reliance; 4) Mr. Pitt breached his subcontract with Quanta; and 5) Mr. Pitt suffered no damages based upon his reliance. For the following reasons, we disagree.

Elements of Promissory Estoppel

{¶10} Promissory estoppel is not a contractual theory, but a quasi-contractual or equitable doctrine designed to prevent the harm resulting to the promisee from the reasonable and detrimental reliance on a promise made by the promisor. *Karnes v. Doctors Hosp.*, 51 Ohio St.3d 139, 142 (1990). "The elements necessary to establish a claim for promissory estoppel are 'a promise, clear and unambiguous in its terms; reliance by the party to whom the promise is made; that the reliance was reasonable and foreseeable; and that the party claiming estoppel was injured by the reliance.'" *Jones v. BPR/RICO Mfg., Inc.*, 9th Dist. Medina No. 20CA0084-M, 2022-Ohio-2715, ¶ 6, quoting *Davis v. Cinnamon Lake Assoc., Inc.*, 9th Dist. Wayne No. 19AP0052, 2020-Ohio-5374, ¶ 24, quoting *Rigby v. Fallsway Equip. Co., Inc.*, 150 Ohio App.3d 155, 2002-Ohio-6120, ¶ 25 (9th Dist.).

*A promise, clear and unambiguous in its terms.*

{¶11} Jones Corp. argues there was no clear and unambiguous promise because "Quanta's subcontract with Jones [Corp.]* * * required Quanta to bond off any lien claim asserted by any subcontractor to Quanta[,]" therefore, "[i]n this context[,] [Mr. Jones'] talk about no liens with [Mr.] Pitt meant that a bond can replace a lien against the property[.]" In response, Mr. Pitt argues the recorded conversation demonstrates a clear and unambiguous promise made by Mr. Jones to pay Mr. Pitt.

{¶12} A review of the record shows that during the August 2, 2018 phone call between Mr. Pitt and Mr. Jones, recorded by Mr. Pitt, Mr. Jones said:

As far as liens, I'll make sure you get paid off before there's any liens on the job, so don't do that right away. There's lots of time to do that. But I'll talk to [Quanta] and make sure you get what's owed to you, if that's how it ends up.

Therefore, the record demonstrates there was a clear and unambiguous promise made by Mr. Jones to see that Mr. Pitt would get paid, a promise Mr. Jones did not keep when he negotiated his own settlement with Quanta.

*Reliance by the party claiming estoppel.*

{¶13}  Here, Mr. Pitt is the party claiming estoppel.  Mr. Pitt argued that he relied on the promise and did not file a mechanic's lien.  It is undisputed that Mr. Pitt did not file a lien.  Jones Corp. argues that Mr. Pitt's failure to file a mechanic's lien did not establish reliance because, pursuant to R.C. 1311.05, Mr. Pitt's lien would have been untimely.  RC. 1311.05(A) states that a lien must be filed within 21 days after performing the first work or furnishing the first materials, unless that time is extended.

{¶14}  The statute allows for a twenty-one day window to file a notice of furnishing after the commencement of work. *See* R.C. 1311.05(A) ("[A] subcontractor * * * who performs labor or work upon or furnishes material in furtherance of an improvement to real property and who wishes to preserve the subcontractor's or material supplier's lien rights shall serve a notice of furnishing * * * upon the owner's, part owner's, or lessee's designee named in the notice of commencement or amended notice and the original contractor under the original contract pursuant to which the subcontractor or material supplier is performing labor or work or furnishing materials * * * within twenty-one days after performing the first labor or work or furnishing the first materials.")  Mr. Pitt, at the time of his phone call with Mr. Jones on August 2, 2018, could still have filed a notice of furnishing that preserved his right to subsequently file a mechanic's lien for at least part of the work that he completed and invoiced to Quanta in July.  The trial court was

correct in its conclusion that Mr. Pitt could have filed a lien for work performed within the past 21 days when Mr. Jones made that promise. Therefore, Mr. Pitt established reliance on Mr. Jones' promise.

*Reliance was reasonable and foreseeable.*

**{¶15}** A review of the record demonstrates that Mr. Pitt's reliance on Mr. Jones' promise was reasonable and foreseeable. Mr. Jones had promised Mr. Pitt he would see that Mr. Pitt got paid if he did not file a mechanic's lien. As the trial court noted, "[g]iven the pressure [Mr.] Jones was under to get the job done, the last thing [Mr.] Jones wanted was another complication or litigation as he stated in the recorded conversation." The reasonable inference Mr. Pitt made from Mr. Jones' response, given the context of the conversation involving uncertainty over the third and final draw from Quanta, was that Mr. Jones would see that Mr. Pitt would get his last draw owed to him by Quanta. As the trial court correctly concluded, it was reasonable and foreseeable that Mr. Pitt would forego filing a mechanic's lien, because Mr. Jones had assured Mr. Pitt that he would get paid.

*Party claiming estoppel was injured by the reliance.*

**{¶16}** It is undisputed in the record that Mr. Pitt was injured when he did not receive the payment for the July draw. By relying on Mr. Jones' promise and not filing a notice of furnishing or a lien, Mr. Pitt lost time and the ability to file a lien on work he would have been able to recover for if he had filed the lien on August 2, 2018.

**{¶17}** Therefore, the trial court did not err by entering judgment in Mr. Pitt's favor on the claim of promissory estoppel because the record demonstrates that Mr. Pitt established all of the elements of a claim for promissory estoppel. Accordingly, Jones Corp.'s first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN FAILING TO ENFORCE THE STATUTE OF FRAUDS.**

{¶18}  In its second assignment of error, Jones Corp. argues the trial court erred in failing to enforce the Statute of Frauds.  For the following reasons, we disagree.

{¶19}  In Ohio, the Statute of Frauds is codified in R.C. 1335.05, and provides, as relevant to this case, that no action shall be brought against party to a contract unless that contract is in writing and signed by the party to be charged.  Here, however, the trial court did not find a valid contract existed.  Rather, the trial court found in favor of Mr. Pitt on his claim for promissory estoppel based on the promise that Mr. Pitt would be paid.

{¶20}  The failure to comply with the Statute of Frauds provides a defense to a contract, which, as noted above, the trial court did not find existed in this case.  "The doctrine of promissory estoppel comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice."  *Olympic Holding Co., L.L.C. v. ACE Ltd.*, 122 Ohio St.3d 89, 2009-Ohio-2057, ¶ 39.  Promissory estoppel exists only in the absence of a contract.  *Spalsbury v. Gill Construction Co.*, 9th Dist. Medina No. 17CA0030-M, 2018-Ohio-2616, ¶ 9.  Because promissory estoppel provides a remedy only in the absence of a contract, it operates outside the Statute of Frauds.  *Kiser v. Williams*, 9th Dist. Summit No. 24968, 2010-Ohio-3390, ¶ 16.

{¶21}  The trial court concluded that Mr. Pitt presented a claim for promissory estoppel.  The Statute of Frauds does not provide a defense to a promissory estoppel claim and the trial court did not err by not applying it in this case.  Accordingly, Jones Corp.'s second assignment of error is overruled.

III.

**{¶22}** Jones Corp.'s assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ROBERT S. BELOVICH, Attorney at Law, for Appellant.

THOMAS A. BARNI, Attorney at Law, for Appellee.