[Cite as *Alapini v. SK Food Group*, 2026-Ohio-17.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Didier Alapini, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-314 |
| v. | : | (C.P.C. No. 24CV-2510) |
| SK Food Group, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 6, 2026

**On brief:** *DeWitt Law, LLC*, and *Michael W. DeWitt*, for appellant. **Argued:** *Michael W. DeWitt*.

**On brief:** *Vorys, Sater, Seymour and Pease LLP*, *Natalie M. McLaughlin*, and *Brian W. Dressel*, for appellee. **Argued:** *Natalie M. McLaughlin*.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, P.J.

{¶ 1} Plaintiff-appellant, Didier Alapini, appeals the judgment of the Franklin County Court of Common Pleas, which entered summary judgment in favor of his former employer, defendant-appellee, SK Food Group ("SK Food"), on claims of race and national-origin discrimination and retaliation under R.C. Chapter 4112. For the following reasons, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

### A. Alapini's employment with SK Food

{¶ 2} Alapini, a native of Benin, began working for SK Food as a Power Industrial Truck Operator in October 2018. Throughout his employment with SK Food, Alapini did

not receive any negative performance reviews or disciplinary action, and he was never put on a performance improvement plan.

{¶ 3} In February 2021, Alapini made a complaint about his supervisor, Kevin Stout, to SK Food's Human Resources Personnel, claiming Stout's managerial style was abrasive and rude. According to Linda Reynolds, SK Food's Human Resources Manager, Alapini did not allege that Stout mistreated him due to his race or national origin, but Alapini claims he discussed his belief that Stout's treatment of him was due to his race or national origin.

{¶ 4} Alapini filed a charge of discrimination against SK Food with the Ohio Civil Rights Commission ("OCRC") on April 29, 2021, while still employed by SK Food, alleging race and national origin discrimination and retaliation from 2019 through 2021. He wrote: "I have been subjected on the regular basis to threats, insults, verbal abuse, mockery, arrogance, yelling, disparities in treatment by my supervisor Kevin Stout. Multiple meetings with Upper Management, Human Resources, and Corporate (2019/2020/2021) have not stopped the harsh treatments that I am experiencing for the past two years." (Linda Reynolds Aff., Ex. F.) Alapini did not allege in his charge with OCRC that he was planning to resign because of alleged discrimination.

{¶ 5} Alapini resigned from his employment with SK Food in May 2021, less than a month after filing his charge with OCRC. In an undated resignation letter, Alapini stated he was resigning effective May 26, 2021, until which he would "continue performing my duties with the same diligence and dedication as expected." (Reynolds Aff., Ex. E.) In his deposition, Alapini characterized the resignation letter as a two-week notice and testified that he continued to work at SK Food for two weeks following delivery of the letter. Alapini did not identify a reason for his resignation in the letter, but a Separation of Employment Notice indicated the reason for Alapini's resignation was "Return to School." *Id.* Neither the resignation letter nor the Separation of Employment Notice contained an allegation of discrimination or retaliation. Alapini did not amend his OCRC charge or file an additional charge with OCRC after resigning from his employment.

{¶ 6} It is undisputed that OCRC issued Alapini a right-to-sue letter.

## B. Alapini's initial case against SK Food

{¶ 7}   Alapini originally filed a complaint against SK Food on June 13, 2022, alleging claims for race and national-origin discrimination and retaliation under R.C. Chapter 4112.  *See Alapini v. SK Food Group*, Franklin Cty. C.P. No. 22CV-3995.  He alleged he had been subjected to harsh treatment by SK Food's leadership based on his race and/or national origin throughout his employment.  *Id.*, June 13, 2022 Compl. at ¶ 41.  Alapini alleged that his supervisor, Stout, "repeatedly mocked him in front of co-workers about his restroom use," *id.* at ¶ 12, "frequently yelled at and berated him," *id.* at ¶ 13, referred to him as " 'the plantation worker' " and made "other remarks of a racial nature," *id.* at ¶ 16, told a new employee that Alapini "does not have water in his house, like his home country in Africa," *id.* at ¶ 21, asked " 'What African school did you go to?' " after insulting Alapini's intelligence, *id.* at ¶ 23, and criticized Alapini's English, stating to a new employee, " '90% of the time I can barely understand him,' " *id.* at ¶ 30.  About his separation from employment, however, Alapini alleged only, "In May 2021, [I] voluntarily left SK."

{¶ 8}   After SK Food moved for summary judgment, arguing that Alapini could not prove that he suffered an adverse employment action—a necessary element for his claims of discrimination and retaliation[1]—Alapini voluntarily dismissed his complaint without prejudice on May 15, 2023.

## C. Alapini's refiled case against SK Food

{¶ 9}   Alapini refiled his complaint against SK Food on March 27, 2024.  Like his original complaint, the refiled complaint contained claims for race and national-origin discrimination and retaliation, but it also included an additional claim for constructive discharge.  The facts alleged in support of his claims remained the same as alleged in the voluntarily dismissed complaint.  Despite the added claim for constructive discharge, the

---

[1] *See Tanksley v. Howell*, 2020-Ohio-4278, ¶ 22 (10th Dist.) ("In order to establish a prima facie case [of discrimination], a plaintiff must demonstrate that he or she: (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for the position in question, and (4) was replaced by someone outside of the protected class or that the employer treated a similarly situated, non-protected person more favorably"), citing *Veal v. Upreach LLC*, 2011-Ohio-5406, ¶ 21 (10th Dist.), citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  A prima facie claim of retaliation likewise requires a plaintiff to demonstrate that the employer subjected the plaintiff to an adverse employment action.  *Moody v. Ohio Dept. of Mental Health & Addiction Servs.*, 2021-Ohio-4578, ¶ 36.  "[A]n adverse employment action 'is a materially adverse change in the terms and conditions of the plaintiff's employment.' "  *Paranthaman v. State Auto Properties & Cas. Ins. Co.*, 2014-Ohio-4948, ¶ 34 (10th Dist.), quoting *Canady v. Rekau & Rekau, Inc.*, 2009-Ohio-4974, ¶ 25 (10th Dist.).

refiled complaint retained the allegation that Alapini "voluntarily left SK" in May 2021. (Mar. 27, 2024 Compl. at ¶ 41.)

{¶ 10} Alapini filed an amended complaint in the refiled action on June 25, 2024. In the amended complaint, Alapini deleted the independent claim of constructive discharge but added in support of his discrimination and retaliation claims the factual allegation that he had been constructively discharged from his employment when SK Food "created a job environment that was so intolerable that a reasonable person under the circumstances would have felt compelled to resign." (June 25, 2024 Am. Compl. at ¶ 41.)

{¶ 11} SK Food filed a motion to dismiss the amended complaint pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief may be granted. SK Food argued that Alapini did not exhaust his administrative remedies by filing a constructive-discharge claim with OCRC and that he, therefore, may not rely on constructive discharge as an adverse employment action to support his discrimination and retaliation claims. SK Food also argued that Alapini's claims of discrimination and retaliation, premised on the adverse employment action of constructive discharge, were time-barred under R.C. 4112.052(C)(1) and that the Ohio saving statute, R.C. 2305.19, does not apply to save those claims, because Alapini's original complaint did not contain an allegation of constructive discharge. The trial court denied SK Food's motion to dismiss, stating that SK Food's arguments would be more properly raised in a motion for summary judgment.

{¶ 12} SK Food thereafter filed a motion for summary judgment, in which it argued that Alapini's claims failed because he did not allege an actionable adverse employment action. Consistent with the arguments in its motion to dismiss, SK Food argued that Alapini could not claim constructive discharge as an adverse employment action because he had not exhausted his administrative remedies by filing a claim for constructive discharge with OCRC. It also argued that any claim of discrimination or retaliation premised on constructive discharge was barred by the two-year statute of limitations. In response to SK Food's motion for summary judgment, Alapini argued that he was not required to raise the issue of constructive discharge before OCRC and that he was only relying on constructive discharge to establish he had been subjected to an adverse employment action.[2]

---

[2] Alapini's counsel conceded at oral argument that constructive discharge is the only adverse employment action pled in the amended complaint.

{¶ 13} The trial court issued a decision granting SK Food's motion for summary judgment on February 20, 2025, and it issued a judgment entry to that effect on March 5, 2025. Because Alapini had filed his charge with OCRC prior to his resignation, the trial court agreed with SK Food that the charge did not allege constructive discharge. And because Alapini neither amended his OCRC charge nor included in his charge extensive facts that would trigger an investigation by the commission into the end of Alapini's employment, the trial court concluded that Alapini failed to exhaust his administrative remedies as to the adverse employment action of constructive discharge. The trial court also concluded that Alapini's claims based on the adverse employment action of constructive discharge were time-barred, because Alapini's original complaint in 2022 contained no allegation of constructive discharge. After determining that Alapini's amended complaint did not allege any other adverse employment action, the trial court held that SK Food was entitled to summary judgment.

{¶ 14} Alapini filed a timely notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 15} Alapini raises two assignments of error for this court's review:

> 1. The Franklin County Court of Common Pleas committed reversible error when it granted summary judgment in favor of the Appellee SK Food Group on Appellant's Race and National Origin claims under R.C. 4112 when it determined that Appellant could not claim he was constructively discharged from his employment at SK Food Group because he had not included that allegation in his Charge of Discrimination filed at the Ohio Civil Rights Commission.

> 2. The Franklin County Common Pleas Court committed reversible error when it granted summary judgment in favor of the Appellee SK Food Group on Appellant's Retaliation claim under R.C. 4112 when it determined that Appellant could not claim he was constructively discharged from his employment at SK Food Group because he had not included that allegation in his Charge of Discrimination filed at the Ohio Civil Rights Commission.

In both assignments of error, Alapini challenges the trial court's determination that his claims fail because he did not exhaust administrative remedies by filing an allegation of constructive discharge with OCRC.

## III. DISCUSSION

{¶ 16} Before we turn to Alapini's assignments of error in his brief, we consider SK Food's preliminary argument that this court can and should affirm the trial court's judgment because Alapini has not raised an assignment of error challenging the trial court's independent determination that the claims in the amended complaint are barred by the two-year statute of limitations in R.C. 4112.052(C)(1). Alapini did not file a reply brief to respond to SK Food's argument, but his counsel addressed it at oral argument. Specifically, Alapini's counsel responded to this argument by claiming the statute of limitations issue and the exhaustion of administrative remedies issue are "the same." (Oct. 22, 2025 Oral Arg. at 23:00.) He argued that both concern whether Alapini was required to include an allegation of constructive discharge in his charge with OCRC. We disagree.

{¶ 17} The timeliness of the claims in Alapini's amended complaint is independent of the question whether Alapini exhausted with OCRC his administrative remedies regarding constructive discharge. SK Foods originally set out its statute of limitations argument in its motion to dismiss the amended complaint. With certain exceptions, R.C. 4112.052(C)(1) requires that a civil action for employment discrimination be filed within two years after the alleged unlawful discriminatory practice. As relevant here, it is an unlawful discriminatory practice "[f]or any employer, because of the race [or] national origin . . . of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." R.C. 4112.02(A). SK Food argued that the two-year limitations period for Alapini's claims commenced in May 2021, when he severed his employment relationship with SK Food. It therefore argued that Alapini's refiled complaint, filed more than three years later on March 27, 2024, was untimely.

{¶ 18} SK Food went on to argue that Ohio's saving statute, R.C. 2305.19, does not apply to save Alapini's untimely filed claims. R.C. 2305.19(A) states, in part:

> In any action that is commenced or attempted to be commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

The saving statute allows a properly commenced action "to be voluntarily dismissed and then refiled . . . against the same defendant based on the same injury, even if the applicable statute of limitations has expired at the time of the refiling." *Laneve v. Atlas Recycling, Inc.*, 2008-Ohio-3921, ¶ 13. " 'The savings statute applies when the original suit and the new action are substantially the same.' " *Quellos v. Johnson*, 2024-Ohio-2586, ¶ 21 (8th Dist.), quoting *Children's Hosp. v. Ohio Dept. of Pub. Welfare*, 69 Ohio St.2d 523, 525 (1982). " ' "[A] new complaint is substantially the same as the original complaint for purposes of the saving statute when the new complaint differs only to the extent that it adds new recovery theories based upon the same factual occurrences stated in the original complaint." ' " *Id.*, quoting *Am. Premier Underwriters, Inc. v. Gen. Elec. Co.*, 900 F.Supp.2d 753, 758 (S.D.Ohio 2012), quoting *Stone v. N. Star Steel Co.*, 2003-Ohio-1223, ¶ 15 (7th Dist.). SK Food argued that the discrimination and retaliation claims based on constructive discharge in Alapini's amended complaint were not subject to saving under R.C. 2305.19(A), because they were not based on the same injury as the claims in Alapini's voluntarily dismissed complaint, which did not allege constructive discharge.

{¶ 19} Whether Alapini's discrimination and retaliation claims, premised on the adverse employment action of constructive discharge, are time-barred depends on whether R.C. 2305.19(A) applies, *i.e.*, on whether those claims are substantially the same as the claims alleged in his voluntarily dismissed complaint. It is a question independent of whether Alapini was required to raise the issue of constructive discharge with OCRC, as R.C. 4112.052 requires a plaintiff *both* to exhaust administrative remedies by filing a charge with OCRC, as addressed in R.C. 4112.052(B)(1), *and* file their civil action within the time set out in R.C. 4112.052(C). Accordingly, even if Alapini's charge with OCRC was sufficient to exhaust his administrative remedies, he was still required to file his civil action within two years of the alleged unlawful discriminatory practice.

{¶ 20} Alapini's assignments of error both challenge the trial court's determination that, because of the absence of an allegation of constructive discharge in his charge with OCRC, Alapini failed to exhaust administrative remedies. Alapini has not asserted an assignment of error with respect to the trial court's independent determination that his claims of discrimination and retaliation predicated on constructive discharge are time-barred under R.C. 4112.052(C).

{¶ 21} When a trial court grants judgment on multiple, alternative bases and an appellant does not challenge one of those bases on appeal, an appellate court will affirm the judgment on the unchallenged basis. *Al-Foutiyou v. N. Am. Islamic Trust, Inc.*, 2025-Ohio-2750, ¶ 28 (10th Dist.), citing *State v. Crumpton*, 2024-Ohio-5064, ¶ 22 (4th Dist.), quoting *Schutte v. Summit Cty. Sheriff's Office*, 2018-Ohio-2565, ¶ 21 (9th Dist.); *State v. Watson*, 2025 Ohio App. LEXIS 407 (1st Dist. Feb. 7, 2025). Therefore, even if we agree with Alapini that he was not required to present a charge of constructive discharge to OCRC to exhaust his administrative remedies, Alapini has failed to demonstrate that the trial court erred by granting summary judgment in favor of SK Food based on its alternative determination that his discrimination and retaliation claims based on constructive discharge are time-barred by the statute of limitations. That alternative determination remains in effect and unchallenged. It is neither the province nor the duty of an appellate court to construct an argument on an appellant's behalf. *See* App.R. 16(A)(7); *Covel v. PNC Bank, NA*, 2022-Ohio-1477, ¶ 7 (9th Dist.). We therefore affirm the trial court's judgment on that unchallenged basis.

## IV. CONCLUSION

{¶ 22} Having determined that the trial court's judgment must stand because Alapini has not challenged the trial court's independent determination that Alapini's claims are time-barred, we need not address Alapini's assignments of error, which concern only the trial court's holding regarding exhaustion of administrative remedies. We therefore overrule Alapini's assignments of error as moot and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

————————————